IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEVONTE L. GREEN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-570 |
| UNKNOWN DEFENDANT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jevonte L. Green, an inmate confined at USP Beaumont, proceeding *pro se*, filed this *Bivens*-type[1] action against an unknown Defendant.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

This claim was severed from Civil Action No. 1:22-CV-444 on November 30, 2022 (doc. #1). On December 5, 2022, the undersigned instructed the Clerk of Court to forward Plaintiff the form complaint for a *Bivens*-type action and an application to proceed *in forma pauperis* for prisoners (doc. #3). The order gave Plaintiff twenty (20) days to re-file the complaint on the proper form and file his application to proceed *in forma pauperis*. *Id*. Plaintiff sought an extension of time to comply on December 28, 2022 (doc. #5) which was granted on December 29, 2022 (doc. #6). The latter order gave Plaintiff an additional thirty (30) days to comply. More than ample time has passed, yet Plaintiff has failed to file an application to proceed *in forma pauperis* and/or pay the $402.00 filing, nor has he re-filed his complaint on the form provided to him. The court has received no further communication from Plaintiff.

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to comply with the orders entered December 5, 2022 (doc. #3) and December 29, 2022 (doc. #6). The court has received no further communication from Plaintiff.

## Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge